**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

KAREN BECKER,

        Plaintiff,

v.                              Case No. 06-2226 KHV DJW

SECURITAS SECURITY
SERVICES USA, INC.,

and

SPRINT NEXTEL CORPORATION,

and

SPRINT/UNITED MANAGEMENT
COMPANY,

        Defendants.

**STIPULATED PROTECTIVE ORDER**

      Plaintiff and all Defendants, through their respective counsel, have stipulated to the terms of this Order, and the Court being fully advised in the premises, it is hereby **ORDERED**:

      1.      **Purpose of Order.**  The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case may seek private information concerning both parties and nonparties, so long as the requested information is otherwise discoverable under the Federal Rules of Civil Procedure governing the discovery process, as applied to this particular case. Private information sought during discovery may potentially include plaintiff's confidential medical records, tax information and other private documents regarding plaintiff's income, confidential matters

concerning a defendant's trade secrets, procedures and training, the personnel files of current and/or former employees of a defendant, documents concerning a defendant's income, net worth and income tax returns. The privacy interests in such information substantially outweighs the public's right of access to judicial records.  Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), including the fact that the majority of persons associated with this matter, and the above-described documents, reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal and/or work relationships.

2. **Confidential Information.**  The parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential.  The parties have further agreed that this shall include information relating to the following topics:  the terms of the Master Services Agreement between defendant Sprint and defendant Securitas; confidential proprietary information concerning the defendants, including the confidential personnel and/or human resource files of the defendants' current or former employees; and medical, financial and/or tax records relating to plaintiff.  This stipulated protective order shall in no way constitute a waiver by any party of any assertion or claims that the documents and information subject to this order are: (1) confidential proprietary information; (2) privileged; or (3) otherwise not discoverable.

**3.     Designating documents and interrogatory answers as confidential**.   Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential."  Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order.  The inadvertent failure to designate material as

"Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. Unless otherwise ordered by the Court or stipulated by the parties, only documents, interrogatory answers, or deposition testimony relating to the subjects enumerated in paragraph 1 may be designated as Confidential Information. Parties to this action may also designate deposition testimony relating to the subjects enumerated in paragraph 1 above as "Confidential Information" by advising opposing counsel of record, in writing, within 30 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraph 1. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

      4.    **Disclosure of Confidential Information.**  Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

    (a)    The parties;

    (b)    Their counsel, counsel's legal and clerical assistants and staff;

    (c)    Persons with prior knowledge of the documents or the Confidential Information contained therein;

    (d)    Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

    (e)    Any independent document reproduction services or document or video recording and retrieval services; and

(f) Any expert witness or outside consultant retained or consulted by the parties.

Counsel shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Order, and that they are to keep such Confidential Information confidential.

5. **Disputes Concerning Designation(s) of Confidential Information.** In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party posing the confidentiality of the information may apply for appropriate relief from this Court.

6. **Binding Effect of This Order.** This Order is binding upon the parties, their agents and employees, and all counsel for the parties and their agents and employees.

7. **Use of Confidential Information.** The parties and their counsel shall exercise reasonable care not to disclose information contained in these confidential documents by placing them in the public record in this case. If a party wishes to use any confidential information in any affidavit, brief, memorandum, oral argument, or other paper filed in this Court in this case, such paper or transcript may be filed under seal only upon separate, specific motion and later order of the Court. The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in the trial of this case. The parties do not waive any right to object at trial to the admissibility of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

8. **Return of Confidential Information.** At the conclusion of this litigation the parties' respective counsel shall, within six months, and upon written request by the other party, return all documents which fall under the scope of this Order. If respective counsel fails to make a written request for the return of documents within six months of the conclusion of this litigation, their right

to do so is waived, and other counsel may destroy such records at their option. The parties, however, retain the right to keep any documents that were admitted as exhibits in this case.

**IT IS SO ORDERED**.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

Approved and Submitted By:

**THORNBERRY, EISCHENS & BROWN, LLC**

By: /s/ Stephen C. Thornberry
    Stephen C. Thornberry    KS# 17494
    *steve@TElawfirm.com*
    Joseph K. Eischens    KS# 16985
    *joe@TElawfirm.com*
    Randy Brown    KS# 17905
    4550 Main Street, Suite 205
    Kansas City, Missouri 64111
    (816) 531-8383 *telephone*
    (816) 531-8385 *facsimile*

ATTORNEY FOR PLAINTIFF

**SEYFERTH KNITTIG LLC**

By: /s/ Joseph H. Knittig
    Joseph H. Knittig, Bar No. 18125
    Paul Seyferth, Bar No. 16837
    300 Wyandotte, Suite 430
    Kansas City, MO 64105
    Telephone: (816) 756-0700
    Facsimile: (816) 756-3700

ATTORNEY FOR SPRINT DEFENDANTS SPRINT/NEXTEL CORPORATION AND SPRINT/UNITED MANAGEMENT COMPANY

**SLAGLE, BERNARD & GORMAN, P.C.**

By: /s/ Stanley N. Wilkins
    Stanley N. Wilkins    #07725
    Jack C. McInnes V    #21898
    4600 Madison Avenue, Suite 600
    Kansas City, MO 64112-3012
    Telephone: (816) 4104600
    Facsimile: (816) 561-4498

ATTORNEYS FOR DEFENDANT SECURITAS SECURITY SERVICES USA, INC.