DJW/bh

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KAREN BECKER,**

              **Plaintiff,**

v.

              CIVIL ACTION

              No. 06-2226-KHV-DJW

**SECURITAS SECURITY SERVICES USA, INC.,**

              **Defendant.**

**MEMORANDUM AND ORDER**

This is an employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* Plaintiff contends that she was subjected to unlawful sex discrimination by her employer, Defendant Securitas Security Services USA., Inc. She asserts claims for damages for lost wages, emotional pain, suffering, and mental anguish. Pending before the Court is Defendant's Motion to Compel Discovery (doc. 42).

**I.**    **Nature of the Matter Before the Court and Background Information**

Defendant filed its Motion to Compel Discovery (doc. 42) on November 27, 2006, seeking an order compelling Plaintiff to answer First Interrogatories No. 8 and 9 and First Request for Production No. 4. The interrogatories ask Plaintiff to provide certain information about health care providers and hospitalizations for the fifteen-year period preceding the alleged discrimination. Request for Production No. 4 asks Plaintiff to execute authorizations for the release of medical, employment, and educational records, and indicates that blank authorization forms are provided. Plaintiff objected to the interrogatories on grounds that they seek "information protected by the patient physician privilege not placed in issue in the lawsuit." Plaintiff objected to Request for Production No. 4 on the basis that it seeks "information protected by patient-physician privilege."

On December 11, 2007, Plaintiff filed her response (doc. 47) to the Motion to Compel, indicating that she had served supplemental answers to the interrogatories at issue. In her supplemental responses, Plaintiff agreed to provide the information requested in the interrogatories, but only for the four years preceding the alleged discrimination. With respect to Request for No. 4, Plaintiff indicated that she objects to signing any authorizations for medical records for even the four years preceding the claimed discrimination because the only medical records from that time period are unrelated to her claims of emotional distress. She represents that the only medical records during that four-year period relate to her gynecological and dental health and her appendectomy. Plaintiff did not address in her response to the motion Defendant's request that she sign authorizations for employment and educational records.

**II.    Discussion**

### A.    First Interrogatories No. 8 and 9

Defendant filed a reply (doc. 49) in support of its Motion to Compel on December 13, 2006, indicating that only one item remains at issue in the Motion to Compel, and that is whether Plaintiff should be compelled to provide the requested records authorizations.[1] In other words, there are no longer any issues for the Court to resolve as to First Interrogatories No. 8 and 9. The Court therefore finds that the Motion to Compel is moot with respect to First Interrogatories No. 8 and 9.

---

[1] Defendant states in its reply that it "is satisfied with obtaining [the requested] information for a period of four years prior to the date of the alleged discriminatory acts." Doc. 49 at 1.

**B.     First Request for Production No. 4**

With respect to First Request for Production No. 4, Defendant indicates in its reply brief that it is only interested in the requested signed authorizations for the four-year period preceding the alleged discrimination. The Court will therefore limit its analysis to that four-year period.

The Court's analysis is two-pronged. First, it must decide whether the records are discoverable. If the records are discoverable, then the Court must determine whether an order compelling Plaintiff to execute authorizations for release of the records is proper.

*1.     Are the records discoverable?*

With respect to the records' discoverability, Plaintiff's *only* objection is that Request No. 4 seeks documents "protected by patient-physician privilege." The Court fails to see how *employment* and *educational* records are protected by any patient-physician privilege — assuming such a privilege even exists. As Plaintiff asserted no other objections, the Court finds that Plaintiff's *employment and educational* records for the four years preceding the alleged discrimination are discoverable.

The Court will now analyze whether Plaintiff's *medical* records for the four-year period are discoverable. Plaintiff argues in opposition to the Motion to Compel that the only medical records that exist for the applicable four-year period relate to Plaintiff's gynecological and dental health and her appendectomy. Plaintiff states that she has not signed any authorizations for those records "as they are unrelated to [P]laintiff's emotional distress."[2] In other words, Plaintiff is contending that she has waived the physician-patient privilege only with respect to the emotional distress that she

---

[2]Pl.'s Mem. in Opp. to Mot. to Compel Discovery (doc. 47) at 1.

has specifically alleged. She contends that she has not waived the privilege as to any other conditions, such as her gynecological and dental health and appendectomy. Consequently, she argues that any medical records relating to those conditions should be deemed privileged.

The Court disagrees. This case arises under federal law, i.e., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* There are no state law claims under which the Court has diversity jurisdiction.[3] Consequently, Plaintiff's right to assert a privilege is dictated by Federal Rule of Evidence 501.[4] Rule 501 provides that "the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience."[5]

In light of Rule 501, this Court must look to federal law to determine the existence and scope of any physician-patient privilege. It is well settled that there is no federal common law physician-patient privilege.[6] There is also no basis for the privilege under any federal statutory law.

---

[3]Although Plaintiff does allege a state law claim for tortious interference in Count III of her Complaint, that claim is asserted only against Sprint Nextel Corporation and Sprint/United Management Company. Those two defendants have been dismissed from the case. *See* doc. 52. Consequently there are no state law claims in the lawsuit.

[4]*Patterson v. Caterpillar, Inc.,* 70 F.3d 503, 506 (7th Cir. 1995) ("Federal Rule of Evidence 501 . . . governs the applicability of privileges in federal courts."); *see also U.S. v. Moore*, 970 F.2d 48, 49-50 (5th Cir. 1992) (in cases arising under federal law, the right to assert privilege is dictated by federal law) (citing Fed. R. Evid. 501).

[5]Fed. R. Evid. 501.

[6]*Whalen v. Roe*, 429 U.S. 589, 602, n.28 (1977) ("The physician-patient . . . privilege is unknown to the common law."); *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 926 (7th Cir. 2004) ("[F]ederal law . . . does not recognize a physician-patient (or hospital-patient) privilege"
(continued...)

Accordingly, no physician-patient privilege exists in this case. Even if the Court were to apply Kansas state law, which recognizes a physician-patient privilege pursuant to K.S.A. 60-427, this Court has on several occasions rejected the concept of a *limited waiver* of the privilege when the party's claims have put the party's medical condition in issue.[7] Thus, even applying Kansas' physician-patient privilege law, Plaintiff's argument that a privilege exists as to conditions other than the specific emotional condition she has placed in issue, is without merit.

In light of the above, the Court finds no merit to Plaintiff's privilege objection and will overrule the objection. As Plaintiff has asserted no other objections to Request No. 4, the Court finds Plaintiff's medical records to be discoverable.

        *2.*      *Should the Court compel Plaintiff to sign the authorizations?*

Having found the medical, employment, and educational records discoverable, the Court must now decide whether Plaintiff should be compelled to sign authorizations for their release.[8] Defendant brings this Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a)(2)(B).

---

[6](...continued)
nor do HIPAA regulations create any such federal privilege);*Gilbreath v. Guadalupe Hosp. Found., Inc.*, 5 F.3d 785, 791 (5th Cir. 1993) ("[T]here is no physician-patient privilege under federal law."); *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992) ("[F]ederal courts do not recognize a federal physician-patient privilege."); *see also* 3 Jack B. Weinstein and Margaret A. Berger, *Weinstein's Federal Evidence* § 514.02 (2d ed. 2005) ("No doctor-patient privilege exists at federal common law.").

[7]*See, e.g.*, *Hulse v. Suburban Mobile Home Supply Co.*, No. 06-2268-WEB, 2006 WL 2927519, at *1 (D. Kan. Oct. 12, 2006); *McLoud v. Bd. of Directors of Geary Cmty. Hosp.*, No. 06-1002-MLB, 2006 WL 2375614, at *1-2 (D. Kan. Aug. 16, 2006); *Bryant v. Hilst*, 136 F.R.D. 487, 488-89, 491 (D. Kan. 1991)

[8]While neither party has raised this issue, the Court finds it to be an important issue that should be addressed by the Court *sua sponte* .

That rule provides in pertinent part: "[I]f a party, in response to a request for inspection . . . submitted under Rule 34, fails to . . . to permit inspection as requested, the discovering party may move . . . for an order compelling inspection in accordance with the request."[9]

A request for production or inspection under Rule 34 requires a party to produce or provide for inspection and copying documents and tangible things that "are in the possession, custody or control of the party upon whom the request is served."[10]  Rule 34 contains no provision requiring a party to sign a release or authorization so that the requesting party may obtain a document directly from a non-party.[11]

In light of the above, the Court concludes that it has no authority — under either Rule 34 or Rule 37 — to compel Plaintiff to sign the records authorizations. Thus, the Court must deny the Motion to Compel as to First Request for Production No. 4.[12]

### C. First Interrogatory No. 10

In its reply brief, Defendant raises, *for the first time*, an issue as to Plaintiff's response to First Interrogatory No. 10. That interrogatory asks Plaintiff to identify all of her employers for the

---

[9] Fed. R. Civ. P. 37(a)(2)(B).

[10] Fed. R. Civ. P. 34(a).

[11] *See Shaw v. Mgmt. & Training Corp.*, No. 04-2394-KHV-DJW, 2005 WL 375666, at *1 (D. Kan. Feb. 9, 2005) ("[T]he Court, *sua sponte*, will deny the motion [to compel] on grounds that there is no basis under Rule 34 to allow this Court to compel Plaintiff to sign the authorization as requested.").

[12] To the extent the records for which Defendant seeks authorizations are in the custody, control or possession of a non-party, Defendant may serve a subpoena on the non-party pursuant to Federal Rule of Civil Procedure 45. In the event the non-party objects or otherwise refuses or fails to produce the subpoenaed documents, the Court would consider a motion requesting that the Court enforce the subpoena and compel the non-party to produce the documents pursuant to Rule 45.

past ten years and to state the dates of each employment, the nature of her duties, rate of pay, the dates of and reasons for termination, and any time periods she claims she was unable to work because of bodily injuries. Plaintiff objected to the interrogatory as overbroad in time and scope; however she responded that, without waiving the objection, she was producing a copy of her resume listing her employment for the years 2003, 2004, and 2005. Plaintiff's objection was served, and the resume provided to Defendant, on October 23, 2006.

On or about November 9, 2006, defense counsel sent Plaintiff's attorney a "Golden Rule" letter, in which he asked Plaintiff to reconsider her objection and provide the requested employment information for the ten-year period. Plaintiff's counsel responded on November 16, 2006 that the resume Plaintiff had provided in response to Interrogatory No. 10 identified her employers for the last ten years.

Defendant apparently relied on that resume as being complete and took no further action to obtain the information requested in the interrogatory. Defendant deposed Plaintiff on December 7, 2006. Defendant asserts in its reply brief that during her deposition, Plaintiff testified as to other employment with five additional employers, which was not set forth in the resume she provided.

On December 12, 2006, defense counsel sent Plaintiff's counsel a letter asking Plaintiff to "provide a supplemental response to Interrogatory No. 10, containing all the details requested as soon as possible, with properly completed authorizations."[13] When the supplemental response and signed authorizations were not forthcoming, Defendant raised the issue in its reply brief. Defendant also filed a "Supplement" to its Motion to Compel on January 17, 2007 (doc. 53), to which it attached later correspondence relating to Interrogatory No. 10.

---

[13] Dec. 12, 2006 Letter, attached as Ex. A. to Def.'s Reply (doc. 49).

Defendant explains in its reply brief that it would have addressed this issue in its initial brief, but it did not discover that Plaintiff had failed to include all of her employment and employers in her interrogatory answer until she was deposed on December 7. Defendant requests in its reply that the Court compel Plaintiff to fully answer First Interrogatory No. 10 and provide signed authorizations releasing her employment records.

To the extent Defendant is asking the Court to provide signed authorizations for the employment records, the Court notes that First Interrogatory No. 10 makes no mention of any authorizations or records releases.[14] The only discovery request before the Court that asks Plaintiff to sign authorizations for employment records is set forth in First Request for Production No. 4, which was addressed above. And, as the Court discussed above, neither Rule 37 nor Rule 34 authorizes the Court to compel a party to sign a records authorization or release. Thus, the Court denies Defendant's request that Plaintiff provide signed authorizations releasing her employment records.

The Court will now turn to Defendant's request that Plaintiff be compelled to fully answer Interrogatory No.10. As Defendant did not raise this issue until the reply brief was filed on December 13, 2006, and because Plaintiff's response and objection to Interrogatory No. 10 were served on October 23, 2006, the Court could find the request to compel untimely under D. Kan. 37.1(b). That rule provides that a motion to compel must be filed within thirty days of the service

---

[14]Even if the interrogatory did request such authorizations, the Court would decline to compel the authorizations, as interrogatories may not request the execution of documents such as records releases. *See Weber v. Leaseway Dedicated Logistics, Inc.,* No. 97–2209-GTV, 1998 WL 219768 (D. Kan. Apr. 21,1998) (denying motion to compel party to sign release of employment records in response to interrogatory answer; interrogatories that seek the execution of documents such as records releases are improper).

8

of the response or objection at issue.[15] An exception to the Rule, however, allows the Court to extend the time for filing the motion when good cause is shown.[16] Here, Defendant asserts that it did not know that the interrogatory answer was incomplete until December 7, 2006, when it deposed Plaintiff. The Court is therefore willing to overlook the fact that the issue was not raised with the Court until December 13.

The Court is not, however, willing to overlook the fact that Defendant raised the issue for the first time in its reply brief. This Court typically does not consider issues and arguments that are raised for the first time in a reply brief, because the opposing party does not have to the opportunity to respond to them.[17] It would be patently unfair to Plaintiff for the Court to consider the arguments and factual assertions made by Defendant in its reply brief when Plaintiff has not had the opportunity to respond to them.

In addition, the Court cannot disregard Defendant's failure to confer with Plaintiff regarding Interrogatory No. 10. Federal Rule of Civil Procedure 37(a) requires that a party moving to compel discovery include in its motion a certification that the movant has in good faith conferred or attempted to confer with the party in an effort to secure the discovery without court action.

---

[15] D. Kan. Rule 37.1(b).

[16] *Id.*

[17] *See, e.g., Clark v. Thomas*, No. 05-2550-JWL, 2006 WL 707702, at *2 (Mar. 16, 2006) (if court were to address issues and arguments raised for the first time in a reply brief, the non-moving party would be deprived of the opportunity to respond, "which is patently unfair" to the non-moving party); *Employers Reins. Corp. v. Mid-Continent Cas. Co.*, No. 01-2058-KHV, 2002 WL 1067446, at *5 (D. Kan. Apr. 18, 2002) ("The Court generally will not consider issues raised for the first time in a reply brief because the opposing party has not had an opportunity to respond."); *Wagher v. Guy's Foods, Inc.*, 765 F.Supp. 667, 671 (D. Kan. 1991) ("In pursuit of fairness and proper notice, this court's practice is to deny or exclude summarily all arguments and issues first raised in reply briefs.").

9

Similarly, D. Kan. Rule 37.2 provides that "[t]he Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[18]  A "reasonable effort to confer" means more than mailing, telefaxing, or e-mailing letters to the opposing party; "[i]t requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[19]

Here, Defendant's Reply and Supplement to the Motion to Compel indicate that the parties have only corresponded regarding Interrogatory No. 10.  Defendant's briefing does not indicate that there have been any meaningful telephone or other conferences between counsel in an attempt to resolve the matter.  In short, the Court finds that Defendant has not satisfied its duty to confer with respect to First Interrogatory No. 10.

In light of the above, the Court denies *without prejudice* Defendant's Motion to Compel Discovery (doc. 42) with respect to First Interrogatory No. 10.  The Court directs counsel for the parties to confer within the meaning of D. Kan. Rule 37.2 and attempt to resolve the parties' dispute regarding First Interrogatory No. 10.  The parties shall do so within **ten (10) days** of the date of this Order.  In the event the parties are able to resolve their dispute, Defendant shall so notify the Court in an e-mail sent to *ksd_waxse_chambers@ksd.uscourts.gov*.  In the event the parties are unable to resolve their dispute, Defendant may renew its request to compel with respect to First Interrogatory No. 10 by filing a motion to compel within **fifteen (15) days** of the date of this Order.

---

[18] D. Kan. Rule 37.2.

[19] *Id.  Accord Williams v. Bd. of County Comm'rs of Unified Gov't of Wyandotte County* and Kan. City, Kan., 192 F.R.D. 698, 700 (D. Kan. 2000).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (doc. 42) is denied as moot with respect to First Interrogatories No. 8 and 9.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Discovery (doc. 42) is denied with respect to First Request for Production No. 4.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Discovery (doc. 42) is denied with respect to Defendant's request under First Interrogatory No. 10 that Plaintiff provide signed authorizations releasing her employment records.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Discovery (doc. 42) is denied *without prejudice* with respect to the remaining issues pertaining to First Interrogatory No. 10.

**IT IS FURTHER ORDERED** that counsel for the parties shall, within **ten (10) days)** of the date of this Order, confer within the meaning of D. Kan. Rule 37.2 regarding First Interrogatory No.10.  In the event the parties are unable to resolve their dispute, Defendant may renew its request to compel with respect to First Interrogatory No. 10 by filing a motion to compel within **fifteen (15) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 2nd day of March 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties